### BRONIS v. GRAFTON LIGHT & POWER CO. et al.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

1. FRAUDS, STATUTE OF ☞84—AUTOMOBILE PURCHASE—SEVERANCE.

Where an agreement provided for the renting of automobiles by· defendant from plaintiff, rent payable in installments, the title not to pass to defendant until one dollar was paid in addition to the rent, notes being given for the rent, and after partial delivery and part payment a new arrangement was made whereby the notes were to be surrendered and defendant was to ,pay a sum in cash and accept a draft in consideration of the delivery of the remaining cars, the latter arrangement was not an agreement for the sale of chattels of more than $50 in value without a memorandum in writing or delivery or part payment, rendered unenforceable by Statute of Frauds, § 6, since such second agreement did not create a severance of the original contract, but simply continued it in a modified form.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 154–161;  Dec. Dig. ☞84.]

2. FRAUDS, STATUTE OF ☞84—SALE—MODIFICATION OF CONTRACT.

Such contract as modified being for certain chattels at a gross price with partial payment and delivery thereunder, the statute of frauds has no application thereto.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 154–161;  Dec. Dig. ☞84.]

Appeal from City Court of New York, Special Term.

Action by James Bronis, as assignee of the Traction Materials Company, against the Grafton Light & Power Company and John T. McGraw.   From an order of the City Court overruling a demurrer to defendant's second complete defense, plaintiff appeals.   Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Stires & Dawley, of New York City (William J. Dawley, of New York City, of counsel), for appellant.

Osborne, Lamb & Garvan,. of New York City (John G. Poore, of Brooklyn, of counsel), for respondents.

BIJUR, J.   [1] Defendants' second defense is based on the sixth section of the statute of frauds; that is, that the complaint contains an agreement for the sale of chattels of more than $50 in value, but that there was no memorandum in writing nor delivery nor part payment. This defense is based on a misconception of the complaint, as will be observed from a brief analysis.

The complaint sets forth that the parties, on July 8, 1914, entered into an agreement as to three trucks and nine cars and motors.   The agreement provided for the payment of "rent" for the use of the articles, and that ,title should not pass until a further sum of $1 was paid in addition to the rent.   The rent was payable at three separate periods, and the agreement provided that notes should be given to cover the rentals.   The complaint further sets forth that these notes were given, and that the date of the delivery of the articles was extended from time to time.   Finally, in the ninth paragraph, it sets forth that on August

29th it was further agreed that these notes should be surrendered; that defendants should forthwith send a sum of money to plaintiff, on receipt of which plaintiff was to ship the two remaining trucks "not then delivered" and all the motors and cars; and that the defendants should pay the plaintiff $2,500 by accepting the sight draft to be attached to the bill of lading for the last three articles.

[2] Defendants' theory is that by this last arrangement "another agreement was entered into for the absolute sale of a different quantity of the same property at a different price" from those provided in the original agreement. In this construction, however, I cannot concur. Defendants evidently do not contest the view that the original agreement was one providing for the ultimate sale of the articles, and that thereunder there had been a part payment of $500 and a partial delivery of one truck out of the twelve contracted to be sold. This contract therefore would have become valid even without a writing. It is true that the subsequent arrangement set out in paragraph ninth of the complaint changed the terms of delivery, the terms of payment, and to a slight extent the aggregate amount to be paid; but it did not affect the sale by way of severance, so that it still remained the sale of twelve articles for a gross price. This is, to my mind, quite apparent from all the terms both of the original and modified agreements as set out and is confirmed by consideration of the fact that in any other view the part payment already made by defendant and the title to the one truck already delivered would (should we construe the modification as creating a severance) be left totally unprovided for. In my view, the complaint, while perhaps inartificially drawn, sets out an original agreement in writing for the sale of twelve articles at a gross price and part payment and a part delivery and a subsequent modification of the entire contract.

To this situation, the statute of frauds has no application. There are other considerations leading to the same conclusion, to which, however, no reference is required. The demurrer to the second defense which interposes the statute should have been sustained.

Order overruling demurrer reversed, with $10 costs and disbursements, and demurrer sustained, with $10 costs. All concur.